Swift, et al. v. Berry, et al.

## Swift *et al.* v. Berry *et al.*

1. Motion to set aside judgment. Where the record showed a trial of a cause, after the appearance of the parties and joinder of issue, with a judgment for the plaintiff; after which the defendant filed a motion to set aside the judgment, which motion was sustained by affidavits alleging that he had a perfect defense, that he appeared at the term at which judgment was rendered, but upon being informed by his counsel that the suit had been dismissed he paid no further attention to it, and had no further intimation that it remained pending until after judgment was rendered; *Held*, that the showing was insufficient, and that the Court did not err in overruling the motion.
2. Assessment of damages. When the action is for a money demand, and the judgment a mere matter of computation, the assessment of damages may be referred by the Court to the clerk. Code, section 1828.

*Appeal from Dubuque District Court.*

Monday, June 13.

This action was brought to recover the amount of a certain draft, endorsed to plaintiffs, and accepted by defendants. There was an answer in denial, and setting up new matter, and issue thereon, and the records show a regular trial of the cause, both parties being present. After this, defendants moved to set aside this judgment. This motion was based upon the affidavits of one of the defendants and of one of their attorneys. That of the defendant, averred, that he had a perfect defense on the merits to the whole of the plaintiffs' claim; that when the suit was brought against him, he employed Messrs. Harmon & Beach to defend the same, to

whom he stated the grounds of his defense; and who advised him that his defense was complete, and who filed an answer setting up said defense; that at the last term of the court, the defendants were in court ready for trial; that plaintiffs were not ready, and as this affiant was informed and understood, said suit was dismissed by the plaintiffs; that affiant's counsel told him that said suit was dismissed; that the defendants, therefore, paid no further attention to the same, fully believing that said suit was dismissed; that this affiant had no intimation whatever that said suit was still pending, until since judgment was rendered against him, which judgment was rendered in the absence of the defendants and their counsel, for want of an appearance on their part. The affidavit of the attorney is to the same purport. The motion to set aside the judgment was overruled, and the defendants appeal.

*Wiltse, Friend & Jennings,* for the appellants.

*Bissell, Mills & Shiras,* for the appellees.

WRIGHT, C. J.—The first question is whether, admitting that they were not present, they show a sufficient excuse for their absence. And we are very clear that there was no such abuse of the discretion wisely lodged with the District Court over such matters, as to justify our interference. The showing is not so strong, nor so well sustained, as that made in *Harrison* v. *Kramer,* 3 Iowa, 543, which was held insufficient.

But it is urged that the answer of defendants was entirely disregarded, when judgment was rendered, and that the clerk assessed the damages. The record recites that the cause was submitted to the Court; that the issue was found in favor of the plaintiffs; that the action being for a money demand, the clerk was directed to assess the amount, who reported the same to be, &c.; and that thereupon it was considered and adjudged. To this course, there is no valid objection. If the defendants were present, then they submit-

ted the cause to the court, and did not ask for a jury to assess the damages, nor was one necessary, the action being for a money demand, and the amount of the judgment, a mere matter of computation. If they were not present, then it was equally competent for the court to thus refer the assessment of damages. Code, sections 1828, 1830, 1772. If testimony was received, then the court upon that, determined the issue in favor of the plaintiffs, before making the reference. If no testimony was offered by defendants, and the cause was determined upon the pleadings, then, as every affirmative allegation of the answer was denied by the replication, the finding was right, and defendants have no cause for complaint.

Judgment affirmed.